# United States District Court
## Middle District of Georgia

UNITED STATES OF AMERICA

Vs.                                                    **JUDGMENT IN A CRIMINAL CASE**

**JASON P. WADE,**                         NO. 5: 05-MJ-06-01 (CWH)

                Defendant                    Michael J. Moore
                                               Defendant's Attorney

The above-named defendant having entered **PLEAS OF GUILTY** in this proceeding to the offenses described below as charged in a three-count INFORMATION, and said pleas having been accepted by the court after inquiry as to the factual bases therefor, the defendant is hereby **CONVICTED** of said offenses and **SENTENCED** as follows:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §641 | Theft of Government Property | 03/02/05 | 1 |
| 18 U.S.C. §641 | Theft of Government Property | 03/02/05 | 2 |

☒ Count ___3___ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

**Defendant's Soc. Sec. No.:**  \*\*\*-\*\*-5627

November 21, 2005
Date of Imposition of Judgment

**Defendant's Date of Birth:**  1986

**Defendant's USM No.:**  92736-020

*[signature]*

Signature of Judicial Officer

**Defendant's Residence Address:**
205 Jerusalem Church Road
Warner Robins, Georgia 31088

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

**Defendant's Mailing Address:**

Same

November 22, 2005
Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the BUREAU OF PRISONS to be imprisoned for a total term of **NINE (9) MONTHS**.

☐ The court makes the following recommendations to the BUREAU OF PRISONS:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at_____A.M./P.M. on_____.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation/Pretrial Services Office.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2:00 P.M. on_____.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation/Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on_____to_____ at_____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By:_____
DEPUTY U. S. MARSHAL

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments hereinafter set forth.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals | $ 50.00 | $ - 0 - | $ 3,921.50 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . $

## FINE

☐ The above fine includes costs of incarceration and/or supervision in the amount of $_____.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options hereinafter set forth may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived.

☐ the interest requirement is modified as follows:

## RESTITUTION

Restitution in the amount of **$3,921.50** shall be made to Robins Air Force Base, Georgia, by submitting payments to MWR Fund, 78 MSG/SVF, 755 Warner Robins Street, RAFB, GA

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

PAYMENT OF THE TOTAL FINE AND OTHER CRIMINAL MONETARY PENALTIES SHALL BE MADE IN FULL IMMEDIATELY.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments shall be made to the **CLERK OF THIS COURT** except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States Attorney. Prior to the conclusion of any term of supervision imposed herein, the court reserves the right to address any outstanding balance still owed for mandatory assessment fees, fines, interest, and penalties, and to consider all available sanctions for collection of same through the office of the United States Attorney

# United States District Court
## Middle District of Georgia
### MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| Vs. | NO. 5: 05-MJ-06-01 (CWH) |
| **JASON P. WADE,** | |
| Defendant | |

## STATEMENT OF REASONS

For ADVISORY PURPOSES ONLY, the court has considered the factual findings and guideline application in the presentence report provided by the U. S. Probation Office. The sentence imposed herein exceeds the guideline range reflected below; that range does not exceed 24 months. The **GUIDELINE RANGE** considered may be summarized as follows:

**TOTAL OFFENSE LEVEL:** 4

**CRIMINAL HISTORY CATEGORY:** II

**IMPRISONMENT RANGE:** 0 to 6 months

**SUPERVISED RELEASE RANGE:** up to 1 year (if imprisonment imposed)

**FINE RANGE:** $250.00 to $5,000.00 plus cost of incarceration/supervision

☒ Fine waived or below the guideline range because of inability to pay.

**TOTAL AMOUNT OF RESTITUTION:** $3,921.50

The undersigned has carefully considered the facts and circumstance of this case and finds that the guidelines to not adequately reflect the serious nature of the offenses admitted to by the defendant and his involvement therein. Since the guidelines are no longer mandatory, the undersigned chooses not to follow them and to sentence this defendant within the maximum penalty permitted by statute.

Dated at Macon, Georgia, this 22nd day of NOVEMBER, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE